IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AUTO-OWNERS INSURANCE COMPANY,
as assignee of Isom Industrial Metals, Inc.,

                    Plaintiff,

    v.

COVER-ALL OF WISCONSIN, LLC,
DARNELL LEFFEL and
STRUCTURES UNLIMITED, LLC,

                    Defendants.

ORDER

13-cv-748-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Auto-Owners Insurance Company filed its complaint against defendants Cover-All of Wisconsin, LLC, Structures Unlimited, LLC and Darnell Leffel in this court, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. This statute requires plaintiff to show that it and defendants are citizens of different states, and that the amount in controversy exceeds $75,000. In the course of reviewing the complaint to insure the existence of jurisdiction, as I am required to do, McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005), I discovered that plaintiff has failed to allege facts sufficient to allow a finding that plaintiff and defendants are of diverse citizenship.

      Plaintiff alleges that it is a "Michigan insurance company" with its principal place of business in Michigan, but it does not state what type of company it is. Dkt. #1, at 2. If plaintiff is a corporation, then it is a citizen of the states in which it is incorporated and the

1

state in which it maintains its principal place of business, 28 U.S.C. § 1332(c)(1). In this instance, it must identify the state where it is incorporated. If it is an unincorporated business entity, then it is "treated as [a] citizen[] of every jurisdiction in which any equity investor or member is a citizen," and is required to provide information on the citizenship of its members. Indiana Gas Co., Inc. v. Home Insurance Co., 141 F.3d 314, 316 (7th Cir. 1998).

Similarly, plaintiff alleges that both defendant Cover-All of Wisconsin, LLC and defendant Structures Unlimited, LLC are "Wisconsin limited liability corporation[s] with [their] principal place[s] of business located at C4640 State Highway 97, Stratford, WI." Dkt. #1, at 2. If defendants are actually corporations, plaintiff need add no further allegations to satisfy jurisdictional requirements. Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006) (for simplicity, all corporations are treated alike for diversity purposes even if they are "*limited liability* corporations"; Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). If the entities are not corporations but are rather limited liability *companies*, then plaintiff must provide information on the citizenship of all the entities' members. Copeland v. Penske Logistics LLC, 675 F.3d 1040, 1043 (7th Cir. 2012)

As to defendant Darnell Leffel, plaintiff has not provided enough information to allow the court to determine his citizenship. As an individual, defendant Leffel is a citizen of the state in which he is "domiciled," that is, "the state in which [he] intends to live over the long run." Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). In its

complaint plaintiff alleged only that defendant Leffel "is a Wisconsin resident." Dkt. #1, at 2. This allegation is insufficient to establish defendant Leffel's citizenship. In re Sprint Nextel Corp., 593 F.3d 669, 673-74 (7th Cir. 2010) ("[B]eing a resident isn't the same thing as being a citizen, that is to say, a domiciliary . . . . [A] court may not draw conclusions about the citizenship of [parties] based on things like their phone numbers and mailing addresses."). See also Heinen, 671 F.3d at 670 ("'[C]itizenship' for the purpose of 28 U.S.C. § 1332 depends on domicile rather than residence."); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998).

As the proponent of jurisdiction, plaintiff bears the burden of showing that this court may exercise subject matter jurisdiction. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Because it has not met that burden yet, I will give it an opportunity to amend its complaint or to file evidentiary materials showing the citizenship of defendants.

ORDER

IT IS ORDERED that plaintiff Auto-Owners Insurance Company may have until November 25, 2013, to show that subject matter jurisdiction is present under 28 U.S.C. §

1332.  If plaintiff fails to respond by that date, I will dismiss the case.

    Entered this 8th day of November, 2013.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge