IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AUTO-OWNERS INSURANCE COMPANY,
as assignee of Isom Industrial Metals, Inc.,

                                      OPINION AND ORDER

                   Plaintiff,

                                    13-cv-748-bbc

         v.

COVER-ALL OF WISCONSIN, LLC,
DARNELL LEFFEL and
STRUCTURES UNLIMITED, LLC,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Auto-Owners Insurance Company (as assignee of Isom Industrial Metals, Inc.) is suing to collect a judgment Isom was awarded against defendant Cover-All of Wisconsin, LLC in an Idaho state court. Cover-All's sole member, defendant Darnell Leffel transferred its assets to defendant Structures Unlimited, LLC. Defendant Cover-All of Wisconsin is now insolvent and cannot honor the Idaho judgment. Plaintiff seeks to hold defendants Leffel and Structures Unlimited liable for this judgment under the doctrines of corporate successor liability, fraudulent transfer and alter ego liability.

In response to an order from the court requiring proof of diversity jurisdiction, plaintiff filed an amended complaint on November 22, 2013. On January 28, 2014, defendants filed an answer to the amended complaint. A month later, defendants filed a motion for judgment on the pleadings, seeking dismissal of the case, relying primarily on the

1

facts set forth in defendant Leffel's debtor's examination and deposition transcripts attached to plaintiff's amended complaint.  Dkt. #18.  Plaintiff now seeks leave to file a second amended complaint to delete the exhibits attached to its first amended complaint, to add factual allegations to support its claims and to allege a claim on breach of fiduciary duty. Dkt. #32.

Defendants oppose plaintiff's motion on the grounds of futility and prejudice.  I am granting plaintiff's motion to amend because I conclude that is not futile or prejudicial. Thus, the operative pleading will be plaintiff's second amended complaint, dkt. #32. Because defendants have not properly renewed their motion for judgment on the pleadings in light of plaintiff's second amended complaint, I am denying that motion as moot.

BACKGROUND

From 2007 to 2008, plaintiff's assignor, Isom Industrial Metals, Inc., was constructing barns and other buildings for a large dairy operation in Idaho.  Isom subcontracted with defendant Cover-All of Wisconsin, LLC, to cover the barns with its fabric cover-all system.  Defendant Darnell Leffel is the sole member of defendant Cover-All of Wisconsin, which was the Wisconsin dealer for the Canadian company Cover-All Building Systems, Inc.

In October 2008, a snow storm caused the Cover-All covered barns in Idaho to collapse.  The barn owners brought a lawsuit against Isom and defendant Cover-All of Wisconsin to recover their damages.  In addition, before and after the 2008 Idaho collapse,

several other failures of Cover-All buildings occurred throughout the United States.  Cover-All Building Systems, Inc. announced that their fabric system might not be up to building code and that the buildings should not be occupied in bad weather.  Facing mounting liabilities, the company filed for bankruptcy in March 2010.

Under subcontract between Isom and defendant Cover-All of Wisconsin was to indemnify and defend Isom.  In 2012, Isom obtained a judgment for the litigation expenses incurred as a result of the Idaho snow storm.  Isom and its assignee, Auto-Owners Insurance Company, have been unable to collect on that judgment because, they say, sometime around April 2010 defendant Leffel transferred all of defendant Cover-All of Wisconsin's assets to a new company, defendant Structures Unlimited, LLC, and, before that, defendant Leffel depleted Cover-All's bank account.  Plaintiff calls these acts improper attempts to circumvent defendant Cover-All of Wisconsin's liability and, for that reason, is suing defendants Structures Unlimited and Leffel.

Plaintiff contends that defendants are liable for the judgment against Cover-All of Wisconsin under several theories: (1) defendant Structures Unlimited is a successor of defendant Cover-All of Wisconsin as a result of de facto merger; (2) defendant Structures Unlimited is a successor because it is a continuation of defendant Cover-All; (3) defendant Structures Unlimited completed a fraudulent transfer under Chapter 242 of the Wisconsin Code; and (4) defendant Leffel used defendant Cover-All as his alter ego and should be personally liable for its debts.  In their motion for judgment on the pleadings, defendants contend that all of these claims fail because plaintiff alleged insufficient facts or included

facts in its attached exhibits that refute its stated claims.

Plaintiff's proposed second amended complaint differs from its first amended complaint in three respects: (1) it does not contain the exhibits attached to plaintiff's first amended complaint; (2) it includes facts not alleged in the first amended complaint, adding more precise dates and other information about the 2008 Idaho snow storm incident and subsequent events; and (3) it adds a claim of breach of fiduciary duty premised on defendant Cover-All's duties as a judgment debtor.

OPINION

Fed. R. Civ. P. 15(a) provides that "the court should freely give leave [to parties to amend their pleadings] when justice so requires." Nevertheless, "leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" Feldman v. American Memorial Life Insurance Co., 196 F.3d 783, 793 (7th Cir. 1999) (quoting Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir. 1992)).

A. Futility

Defendants contend that the proposed amendments to plaintiff's complaint are futile because the proposed complaint would not survive a motion to dismiss. Gandhi v. Sitara Capital Management, LLC, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse

to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.").  Defendants have three arguments:  (1) plaintiff cannot be allowed to delete exhibits to escape a dismissal motion, and if the exhibits remain attached to the complaint, the facts stated within them defeat plaintiff's claims; (2) to the extent plaintiff has added facts to its proposed second amended complaint, the grounds stated in defendants' motion for judgment on the pleadings still apply; and (3) plaintiff fails to state a claim of breach of fiduciary duty and, even if it had, the claim is barred by the statute of limitations.

1.  Exhibits

It is true that a party cannot evade a motion to dismiss by retracting exhibits that show the party is not entitled to relief.  Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 754 (7th Cir. 2002) ("Thompson cannot attach [an exhibit] . . . and later, after realizing the consequences, attempt to retract the exhibit.").  Defendants argue that this is precisely what plaintiff is attempting to do by removing defendant Leffel's debtor's examination and deposition testimony attached to the first amended complaint.  However, plaintiff is not bound by the contents of these exhibits, and, even if it were, defendants have not shown that the exhibits would defeat plaintiff's claims.

Defendants cite mostly irrelevant statements from defendant Leffel's deposition and debtor's examination, some of which actually support plaintiff's allegations.  For example, defendants contend that defendant Leffel's statements that defendant Cover-All of

5

Wisconsin is an existing company refute plaintiff's successor liability theories.  Plaintiff does

not deny that Cover-All continues to exist.  Its argument is that defendant Leffel refuses to

close Cover-All because he wants to insulate defendant Structures Unlimited from litigation.

Defendants point to instances in which defendant Leffel says that the transaction

between defendants Cover-All and Structures Unlimited was in cash, arguing that the general

rule in Wisconsin is that cash transactions do not result in successor liability.  Parson v.

Roper Whitney, Inc., 586 F. Supp. 1447, 1449 (W.D. Wis. 1984) ("Wisconsin follows the

general rule of corporate law that a corporation which purchases with cash the assets of

another corporation does not succeed to the liabilities of the seller.").  However, plaintiff's

claims are premised on *exceptions* to that general rule:  de facto merger and continuation.  Id.

("This rule is subject to four well-recognized exceptions:  (1) the purchasing corporation

expressly or impliedly agrees to assume the liabilities of the seller; (2) the transaction

amounts to a consolidation or merger of the two companies; (3) the purchasing corporation

is merely a continuation of the selling corporation; or (4) the transaction is entered into

fraudulently to escape liability.").  Defendants have ignored this aspect of plaintiff's

argument.

Nevertheless, even if defendants could point to facts contained in the exhibits that

would defeat plaintiff's claims, their argument would fail.  Courts do not robotically assume

as true the facts or statements in all the exhibits attached to a plaintiff's complaint.

Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 455

(7th Cir. 1998) ("When the exhibit, however, is not the subject of the claim, Rule 10(c) does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact."). Rather, courts consider the purpose of the attachment. Id. In this case, the exhibits complained of were attached by plaintiff to show facts relevant to diversity jurisdiction, such as defendant Leffel's domicile; they were not attached to support any of plaintiff's substantive claims. Plaintiff's decision to dispense with the exhibits is no impediment to its motion to amend its complaint.

2. Newly-added facts

Defendants state summarily that to the extent plaintiff adds facts to its proposed second amended complaint, "as analyzed in Cover-All's motion to dismiss (Doc. No. 19), Cover-All is entitled to dismissal." Dfts.' Br., dkt. #33, at 3. If defendants think that such a statement supports dismissal of plaintiff's second amended complaint, they are wrong. If they believe that the second amended complaint is still subject to dismissal, they are required to explain the basis for their belief. In not doing so, defendants have forfeited their arguments. Clarett v. Roberts, 657 F.3d 664, 674 (7th Cir. 2011) ("We have repeatedly held that undeveloped arguments are considered waived.").

3. Breach of fiduciary duty

Plaintiff seeks to add a claim for breach of fiduciary duty on the theory that, as a

judgment debtor, defendant Cover-All of Wisconsin owed Isom (plaintiff's assignor) fiduciary duties and that it breached those duties when it transferred all of its assets to defendant Structures Unlimited.  Defendants say adding this claim would be futile because it cannot survive a motion to dismiss for two reasons: (1) it is time-barred and (2) plaintiff's allegations show that the claim is without foundation.  The parties agree that Wisconsin law governs plaintiff's state law claims.

a.  Statute of limitations

Wisconsin law provides a three-year statute of limitations period for claims of breach of fiduciary duty.  Wis. Stat. § 893.57 ("An action to recover damages for . . . intentional tort to the person shall be commenced within 3 years after the cause of action accrues or be barred.").  American Trust & Savings Bank v. Philadelphia Indemnity Insurance Co., 678 F. Supp. 2d 820, 825 (W.D. Wis. 2010) ("A breach of fiduciary duty claim is subject to the statute of limitations for intentional torts," as set forth in Wis. Stat. § 893.57.).   The transfer of assets agreement between defendants Cover-All and Structures Unlimited was dated April 30, 2010; this lawsuit was filed October 28, 2013; and the amended complaint was filed on May 9, 2014.  If April 30, 2010 is the date on which the claim accrued, the claim is time-barred.  However, plaintiff maintains that the date of accrual is unclear.

First, plaintiff points out that although the agreement is dated April 30, 2010, this may not be when the transfer of assets actually took place.  Second, plaintiff says that even if it was the date of transfer, it is not necessarily the date of accrual of the claim.  "In

8

Wisconsin, a claim for relief does not accrue until the potential plaintiff knows of or, in the exercise of reasonable diligence, should have discovered his 'injury, its nature, its cause, and the identity of the allegedly responsible defendant.'" Hennekens v. Hoerl, 160 Wis. 2d 144, 160, 465 N.W.2d 812, 819 (1991) (quoting Spitler v. Dean, 148 Wis. 2d 630, 635, 436 N.W.2d 308, 310 (1989)).  Plaintiff says that it did not discover the asset transfer until well after April 30, 2010, perhaps as late as September 2013.  Moreover, plaintiff alleges in its proposed second amended complaint that Cover-All failed to provide "prior notice" of the transfer.  Thus, it argues, it is not clear when it discovered the transfer and when the claim accrued.  The argument is plausible.  Because the pleadings do not show definitively that the claim is time-barred, it may proceed.  Cf. Independent Trust Corp. v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012) ("A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses.  But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate.").

b.  Merits

Wisconsin law recognizes fiduciary duties between debtors and creditors only when two elements are met: the debtor is (1) no longer solvent and (2) no longer a "going concern." Beloit Liquidating Trust v. Grade, 2004 WI 39, ¶ 36, 270 Wis. 2d 356, 379, 677 N.W.2d 298, 309 ("[A] duty is owed to a corporation's creditors only when the corporation

is insolvent and no longer a going concern."). Plaintiff alleges in its second amended complaint that defendant Cover-All of Wisconsin was no longer solvent before it transferred its assets to defendant Structures Unlimited and that Cover-All stopped functioning as a going concern as a result of that transfer. In opposition, defendants argue that defendant Cover-All could not have owed fiduciary duties to its creditors before or at the time of the transfer, if the transfer is what changed its status. Id. at ¶ 40 ("Beloit Corporation was still a going concern at this time; thus, any claim asserted by Beloit Corporation's creditors for breach of fiduciary duty during this time frame is not actionable.").

However, other facts alleged in the proposed second amended complaint suggest that defendant Cover-All of Wisconsin may not have been a going concern even before the transfer of its assets. A going concern is "[a] commercial enterprise actively engaging in business with the expectation of indefinite continuance." Black's Law Dictionary 760 (9th ed. 2009). See also Finch v. Southside Lincoln-Mercury, Inc., 2004 WI App 110, 274 Wis. 2d 719, 745, 685 N.W.2d 154, 167 ("We conclude that the Finches' complaint, whose allegations we must take as true, states a claim for breach of fiduciary duty against the directors: it asserts that Southside 'was insolvent or on the brink of insolvency' and had 'ceased doing business' when the directors authorized the transfer of the franchise rights for no value."); Compuware Corp. v. Innovatec Communications, LLC, 03-C-429, 2005 WL 2076717 (E.D. Wis. Aug. 24, 2005) (applying Wisconsin law on breach of fiduciary duties and concluding that defendant was likely not a going concern when it surrendered its assets after it had faced mounting debts and no prospects for investment); Matter of Taxman

10

Clothing Co., Inc., 905 F.2d 166, 169 (7th Cir. 1990) ("Taxman's store was not a going

concern when the valuation was made in May 1981.  By that time it had closed.  But back

on November 29, 1980, it was open and doing business.  Granted, it was being pressed for

payment by its suppliers; but it continued to sell clothing in its *customary* manner.")

(applying federal bankruptcy law) (emphasis added).  Plaintiff's proposed second amended

complaint alleges facts that, if true, suggest that defendant Cover-All of Wisconsin was no

longer "actively engaging in business with the expectation of indefinite continuance" as of

April 2010, the date defendants say the transfer of assets occurred.

Plaintiff alleges that defendant Leffel "depleted" Cover-All's money market account,

taking it from more than $1 million in September 2008 (before the snow storm incident)

to only $823.00 in January 2009 (after the incident).  In addition, plaintiff alleges that

defendant Leffel formed Structures Unlimited in March 2010 and allegedly received an

extension of defendant Cover-All of Wisconsin's line of credit by informing the bank that

Cover-All's assets would be transferred to defendant Structures Unlimited.  Defendant

Cover-All of Wisconsin faced considerable liability from the snow storm incident and had

taken on debt at least equal to its assets.  Furthermore, following other incidents like the one

in Idaho, the Canadian company for which defendant Cover-All of Wisconsin was a dealer

(Cover-All Building Systems, Inc.) had informed its dealerships that its building systems

might not be up to building codes and should not be occupied in bad weather conditions.

Facing significant liabilities, Cover-All Building Systems, Inc. filed for bankruptcy in March

2010, putting into question whether Cover-All products would be available to be sold by

11

dealers.

With these allegations, it is certainly plausible that defendant Cover-All of Wisconsin was no longer a going concern when it transferred its assets to defendant Structures Unlimited.  Plaintiff has alleged sufficient facts to state a claim for breach of fiduciary duty, which is all it is required to do.  Although it was imprecise for plaintiff to say that defendant Cover-All was no longer a going concern as a result of the transfer of its assets, plaintiff need not plead legal theories.  Therefore, it is not futile for plaintiff to add a breach of fiduciary duty claim to its complaint.

## B.  Prejudice

As for defendants' argument that this court should deny plaintiff leave because doing so would be "'curtail[ing] [a] cat and mouse game of motions to dismiss followed by a motion to amend,'" Dfts.' Reply Br., dkt. #33, at 5 (quoting Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 759 (7th Cir. 2002)), little needs to be said.  No one required defendants to file their motion for judgment on the pleadings, in which they allegedly "showed their hand"; it was their choice to do so.

## ORDER

IT IS ORDERED that plaintiff Auto-Owners Insurance Company's motion for leave to amend its complaint, dkt. #32, is GRANTED.  The motion for judgment on the pleadings filed by defendants Cover-All of Wisconsin, LLC; Structures Unlimited, LLC; and Darnell

Leffel, dkt. #18, is DENIED as moot.

Entered this 24th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge